DOCUMENT 1

**FILED**

ELECTRONICALLY FILED
5/17/2017 2:04 PM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

2017 Sep-12  AM 09:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>01 |
|---|---|---|

Date of Filing:
05/17/2017

Judge Code:

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**DONALD WORRELL v. DIVERSIFIED CONSULTANTS, INC.**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other   ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** WAT056   5/17/2017 2:04:44 PM _Date_   /s/ JOHN GRIFFIN WATTS _Signature of Attorney/Party filing this form_

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED


DEFENDANT'S EXHIBIT 4



AlaFile E-Notice

01-CV-2017-902025.00

To:   JOHN GRIFFIN WATTS
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following complaint was FILED on 5/17/2017 2:04:49 PM

Notice Date:      5/17/2017 2:04:49 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
5/17/2017 2:04 PM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| DONALD WORRELL, an individual, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | |
| DIVERSIFIED CONSULTANTS, INC., a ) | |
| corporation, Fictitious Defendants "A", "B" ) | **JURY DEMAND** |
| and "C" thereby intending to refer to the ) | |
| legal  entity, person, firm or corporation ) | |
| which was responsible for or conducted the ) | |
| wrongful acts alleged in the Complaint; ) | |
| Names of the Fictitious parties are unknown ) | |
| to the Plaintiff at this time but will be added ) | |
| by amendment when ascertained, ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for his Complaint against the Defendant says as follows:

1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), and Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by the Defendants.

## JURISDICTION

2.    Personal jurisdiction exists over Defendant Diversified as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.

## VENUE

3.    Venue is proper as Defendants do business in this judicial district.

## PARTIES

4.  Plaintiff Donald Worrell (hereinafter "Plaintiff" or "Worrell") is a natural person who is a resident and citizen of Alabama in this judicial district.

5.  Defendant Diversified Consultants, Inc. ("Defendant" or "DCI[1]") is a foreign firm and is considered a debt collector under the FDCPA as it was assigned the debt at issue when the debt was allegedly in default and it's in the business of collecting defaulted debts owned by others.

6.  Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

7.  Any reference to any Defendant refers to all Defendants and Fictitious Defendants.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

8.  Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

9.  Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

10. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[1] "DCI" or "Defendant" means the named Defendant directly or through its debt collectors, employees, agents, or outside vendors that took any action against Plaintiff.

11. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

   (a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

   (b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   (c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

   (d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   (e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS

12. The actions and inactions of Defendant DCI violate the FDCPA and TCPA.

13. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Plaintiff does not owe the underlying debt.

15. Defendant DCI has continued to collect this debt (which is not owed) by calling, writing, credit reporting, and taking other collection actions against Plaintiff.

16. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, ability to apply for and

receive credit, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

17. All actions taken by Defendant DCI were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that the actions would very likely harm Plaintiff and/or that the actions were taken in violation of the FDCPA/TCPA and state law and/or that Defendant DCI knew or should have known that the actions were in reckless disregard of the FDCPA/TCPA and state law.

18. Defendant DCI has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and therefore Defendant DCI is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendant DCI and similar companies.

19. Defendant DCI is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees and agents.

20. Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

21. All actions taken by employees, agents, servants, or representatives of any type for Defendant DCI were taken in the line and scope of such individuals' employment, agency or representation.

22. At no time has Defendant DCI told or implied to Plaintiff that any conduct by any agent or employee of Defendant DCI was outside the line and scope of such employment or agency.

**Additional Factual Allegations Against Defendant DCI**

23. Defendant DCI has continued to collect against Plaintiff when Plaintiff did not owe any money to Defendant DCI on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

24. Defendant DCI has misrepresented the debt as being owed, when it was not owed.

25. Defendant DCI has misrepresented the debt, including the legal status of the debt, as none was owed during the time that Defendant DCI has been collecting on the debt.

26. Defendant DCI has taken action it knows is illegal including false credit reporting/credit inquiries.

27. Until discovery is conducted, it is unknown regarding the details of all of Defendant DCI's collection activities including calls, letters, third party contacts, etc. All actions of Defendant DCI related to Plaintiff have been in violation of state and federal law and Plaintiff claims all damages allowable under the law.

28. Defendant DCI knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

29. The debt being collected is a consumer debt as defined by the FDCPA.

30. Plaintiff is a "consumer" as defined by the FDCPA.

31.   Defendant DCI is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant DCI.

32.   Defendant DCI has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting/inquiries – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant DCI has no right to take under state law and under the FDCPA.

33.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

34.   It is a practice of the Defendant DCI to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

35.   All actions taken by the Defendant DCI were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

36.   Plaintiff has not done business with Defendant DCI.

37.   Plaintiff has never owed money to Defendant DCI.

38.   Plaintiff does not and did not owe money to Defendant DCI.

39.   Plaintiff has a cell phone, which Defendant DCI has repeatedly called.

40.   Plaintiff never gave permission/consent for Defendant DCI to call Plaintiff's cell phone.

41.   There was no legal reason for Defendant DCI to call Plaintiff's cell phone with an auto dialer or pre-recorded messages.

42.   Defendant DCI has repeatedly contacted Plaintiff through the use of robo dialers, auto dialers, pre-recorded messages, or machine-generated voices.

43.   All such calls, whether resulting in a conversation, the leaving of a voice mail, or whether such calls were unanswered, all violate the TCPA.

44.   Defendant DCI knew that it had no right to violate the TCPA against Plaintiff but has deliberately chosen to continue its onslaught of calls against Plaintiff.

45.   Defendant DCI knew that it had no permission to contact Plaintiff's cell phone in this manner.

46.   Defendant DCI illegally used an autodialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

47.   Defendant DCI illegally used a predictive dialer to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

48.   Defendant DCI illegally used pre-recorded calls to call Plaintiff's cell phone without permission to do so in violation of the TCPA.

49.   Defendant DCI illegally used machine generated voice calls when calling Plaintiff's cell phone without permission to do so in violation of the TCPA

50.   Plaintiff never gave Defendant DCI permission to call Plaintiff's cell phone with an autodialer.

51.  Plaintiff never gave Defendant DCI permission to call Plaintiff's cell phone with a predictive dialer.

52.  Plaintiff never gave Defendant DCI permission to call Plaintiff's cell phone with pre-recorded calls.

53.  Plaintiff never gave Defendant DCI permission to call Plaintiff's cell phone with calls containing machine generated voices.

54.  Plaintiff never gave Defendant DCI permission to call Plaintiff's cell phone in any manner.

55.  All of the above-described collection communications made to Plaintiff by Defendant DCI and collection agents of Defendant DCI were made in violation of the TCPA.

56.  Defendant DCI repeatedly violated the TCPA with its illegal calls to Plaintiff's cell phone.

57.  The acts and omissions of Defendant DCI's agents who communicated with Plaintiff were committed within the line and scope of their agency relationship with their principal the Defendant DCI.

58.  The acts and omissions by these agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DCI.

59.  By committing these acts and omissions against Plaintiff, these agents and/or employees were motivated to benefit their principal the Defendant DCI.

60.  Defendant DCI is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of federal law by its collection employees.

61.  Regardless of any agency relationship, Defendant DCI is liable for all calls made to Plaintiff's cell phone by Defendant DCI or any other entity calling on behalf of Defendant DCI and any entity calling Plaintiff to further Defendant DCI's interests.

62.    Defendant DCI's misconduct was designed to harm the Plaintiff as Defendant DCI acted with full knowledge of the damage this type of misconduct can and will cause.

63.    Defendant DCI was successful in its plan, scheme, design, and did in fact cause severe damages to Plaintiff.

## SUMMARY

64.    All of the above-described collection communications made to Plaintiff by Defendant DCI and collection agents/employees of Defendant DCI were made in violation of the TCPA and the FDCPA as well as state law.

65.    This series of abusive calls by Defendant DCI and its agents caused Plaintiff past and future economic and mental anguish as a result of these abusive calls.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

66.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

67.    Defendant DCI has made illegal calls to Plaintiff's cell phone in violation of the TCPA.

68.    Defendant DCI has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers by Defendant DCI.

69.    Defendant DCI has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers by Defendant DCI.

70.    Defendant DCI has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant DCI.

71.     Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant DCI in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

72.     All actions taken by Defendant DCI were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

73.     All of the violations of the TCPA proximately caused the actual injuries and damages set forth in this Complaint.

74.     Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

75.     As a result of this conduct, action, and inaction of Defendant DCI, Plaintiff has suffered damage as set forth in this Complaint.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692d**

76.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

77.     Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

78.   Defendant DCI violated Section 1692d by collecting this debt as alleged in this Complaint.

79.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.
## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

80.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

81.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

82.   Defendant DCI violated Section 1692e by collecting this debt as alleged in this Complaint.

83.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

84.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

85.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

86.   Defendant DCI violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

87.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

88.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

89.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

90.   Defendant DCI violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

91.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and

future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

92. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

93. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

94. Defendant DCI violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

95. The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

96. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

97. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

98. Defendant DCI violated Section 1692f by collecting this debt as alleged in this Complaint.

99.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

100.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

101.  Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

102.  Defendant DCI violated Section 1692f(1) by collecting this debt as alleged in this Complaint.

103.  The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

104.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

105.  Defendant DCI violated Section 1692g by collecting this debt as alleged in this Complaint.

106. The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.
## INVASION OF PRIVACY

107. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

108. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant DCI violated Alabama state law as described in this Complaint.

109. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

110. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

111.   Defendant DCI intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

112.   Defendant DCI intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

113.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

114.   The conduct of Defendant DCI, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant DCI which occurred in a way that would be highly offensive to a reasonable person in that position.

115.   Defendant DCI knows that Plaintiff owes no money on this alleged debt but continues to collect against Plaintiff using every weapon in its arsenal including credit reporting/inquiries, collection calls, collection letters, etc.

116.   All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant DCI in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

117.   The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

118. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant DCI.

119. All acts of Defendant DCI were committed with malice, intent, wantonness, and/or recklessness and as such Defendant DCI is subject to punitive damages.

**COUNT XI.**
**NEGLIGENT HIRING, TRAINING AND SUPERVISION OF**
**INCOMPETENT DEBT COLLECTORS**

120. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

121. Defendant DCI's collectors are allowed and encouraged to break state law in order to collect debts.

122. This includes all of the violations of the law described in this Complaint.

123. Defendant DCI is aware of the wrongful conduct of its collectors.

124. Defendant DCI negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant DCI is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

125. Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant DCI in this case as well as the details of the incompetent hiring, training, and supervision of debt collectors. It is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated violations of the law against Plaintiff to happen, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant DCI sat back to

reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

126.    The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.
## WANTON HIRING, TRAINING AND SUPERVISION OF
## INCOMPETENT DEBT COLLECTORS

127.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

128.    Defendant DCI's collectors are allowed and encouraged to break state law in order to collect debts.

129.    This includes all of the violations of the law described in this Complaint.

130.    Defendant DCI is aware of the wrongful conduct of its collectors.

131.    Defendant DCI wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant DCI is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

132.    Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant DCI in this case as well as the details of the incompetent hiring, training, and supervision of debt collectors.  It is reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated violations of the law

against Plaintiff to happen, unless this was part of a plan to be wanton in allowing incompetent collectors to run wild and damage Plaintiff while Defendant DCI sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

133.  The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.
## INTENTIONAL HIRING, TRAINING, AND
## SUPERVISION OF INCOMPETENT DEBT COLLECTORS

134.  Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

135.  Defendant DCI's collectors are allowed and encouraged to break state law in order to collect debts.

136.  This includes all of the violations of the law described in this Complaint.

137.  Defendant DCI is aware of the wrongful conduct of its collectors.

138.  Defendant DCI intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant DCI is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

139.  Plaintiff does not know the names and identities of the specific employees/agents who violated the law but will obtain that information from Defendant DCI in this case as well as the details of the incompetent hiring, training, and supervision of debt collectors. It is

reasonable to infer this as there is no other explanation for how a sophisticated debt collector with compliance employees and lawyers, could possibly allow repeated violations of the law against Plaintiff to happen, unless this was part of a plan to be intentional in allowing incompetent collectors to run wild and damage Plaintiff while Defendant DCI sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

140. The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIV.
## NEGLIGENCE, WANTONNESS, MALICE AND/OR INTENTIONAL CONDUCT

141. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

142. Defendant DCI owes a duty to Plaintiff not to expose Plaintiff to unnecessary harm.

143. Defendant DCI has violated its duty to Plaintiff in all of its conduct with Plaintiff.

144. Such violations were made negligently, wantonly, maliciously, and/or intentionally.

145. The actions of Defendant DCI proximately and directly harmed Plaintiff.

146. The conduct of the Defendant DCI has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant DCI for the following:

- An award of actual damages against Defendant;

- That Plaintiff have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages; and

- For such other and further relief as may be just and proper.

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant DCI for statutory damages, actual damages, costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

Diversified Consultants, Inc.
c/o John Crawford, Esq.
1200 Riverplace Blvd
Suite 800
Jacksonville, Florida 32207

ELECTRONICALLY FILED
5/17/2017 2:04 PM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD WORRELL, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., a | ) | |
| corporation, Fictitious Defendants "A", "B" | ) | JURY DEMAND |
| and "C" thereby intending to refer to the | ) | |
| legal entity, person, firm or corporation | ) | |
| which was responsible for or conducted the | ) | |
| wrongful acts alleged in the Complaint; | ) | |
| Names of the Fictitious parties are unknown | ) | |
| to the Plaintiff at this time but will be added | ) | |
| by amendment when ascertained, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF DIVERSIFIED CONSULTANTS, INC.

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**     **Corporate Representative for Diversified Consultants, Inc.**

**DATE:**          September 25, 2017

**TIME:**          9:00 a.m.

**PLACE:**         Watts & Herring, LLC
                   The Kress Building
                   301 19th Street North
                   Birmingham, AL 35203

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.   The Defendant's responses to Plaintiff's Discovery;

2.   The Defendant's investigation into the claims made by Plaintiff in his Complaint;

3.  The methods, practices, techniques and strategies used by Defendant in training collection their collection employees;

4.  The collection methods, practices, techniques and strategies used by Defendant in its efforts to collect debts from any person;

5.  The management, supervision, and discipline of all Defendant's and its collection employees;

6.  The details and contents of all Defendant's personnel files of any person who was involved in any collection activities related to Plaintiff's alleged account;

7.  The use of alias names by any Defendant and or employee of any Defendant in the collection of accounts;

8.  All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of accounts;

9.  The collection account records and notes pertaining to the alleged debt which was being collected by Defendant from Plaintiff and which is the subject matter of this lawsuit;

10. The telephone system(s), local and long distance services used by Defendant's and its collection employees and agents in the course of their business or in the course of collecting accounts;

11. The phone systems of Defendant and any monitoring and recording of telephone calls;

12. The telephone system(s), local and long distance services used by Defendant and its employees or agents in the course of their business or in the course of collecting accounts;

2

13.   The long distance telephone provider used to make calls relating to the herein account;

14.   The factual basis for the Defendant's Answer;

15.   The factual basis for the Defendant's defenses contained in its Answer;

16.   The maintenance of procedures by Defendant to avoid violations of the Fair Debt Collection Practices Act;

17.   The Defendant's compliance with the Fair Debt Collection Practices Act in its collection businesses;

18.   The Defendant's compliance with the Telephone Consumer Protection Act and Alabama state law in its collection businesses;

19.   All documents produced to Plaintiff by Defendant in the course of this case.

20.   The general nature of the Defendant's businesses;

21.   The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

22.   The use of auto dialers, predictive dialers, machine generated voices and pre-recorded messages against Plaintiff; and

23.   All collection efforts that in any way targeted or involved Plaintiff.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.      All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

**s/John G. Watts**
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

4

DOCUMENT 14

ELECTRONICALLY FILED
5/17/2017 2:04 PM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD WORRELL, an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., a | ) | |
| corporation, Fictitious Defendants "A", "B" | ) | **JURY DEMAND** |
| and "C" thereby intending to refer to the | ) | |
| legal entity, person, firm or corporation | ) | |
| which was responsible for or conducted the | ) | |
| wrongful acts alleged in the Complaint; | ) | |
| Names of the Fictitious parties are unknown | ) | |
| to the Plaintiff at this time but will be added | ) | |
| by amendment when ascertained, | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S INTERROGATORIES, REQUESTS FOR ADMISSIONS, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUEST FOR PRODUCTION OF STATEMENTS TO ALL DEFENDANTS

**PLEASE TAKE NOTICE** that pursuant to the Rules of Civil Procedure, Plaintiff propounds the following discovery interrogatories and requests:

## INSTRUCTIONS

Any references to "Defendant", "Defendants", "Defendant's" or "Defendant(s)" shall be treated as referring to each and every Defendant named within this lawsuit, individually and collectively, as may be appropriate. As used in these interrogatories and requests, any references indicating the use of masculine or feminine and any references indicating the use of singular or plural, shall be used interchangeably.

If you are in any way confused, unclear, uncertain, or troubled by any request, contact Plaintiff's counsel to resolve any issues.

- 1 -

If any objection is made to any of the following interrogatories or discovery requests, the Defendants shall make any such objection and state the relevant legal basis for such objection. If any objection is made based upon a claim of privilege as to any response, Defendants shall state the legal basis for the privilege Defendants are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and Defendants are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the undersigned Plaintiffs' counsel.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of Defendants, which Defendants have knowledge, whether originals, copies or facsimiles. Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries

- 2 -

or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a.    The date of the document;

b.    The type of document;

c.    The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d.    The name of the employer or principal whom the signers, addressers and preparers were representing;

e.    The present location of the document;

f.    The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g.    A summary of the contents of the document; and

h.    If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiff requests that the documents be made available for this inspection at the offices of counsel for Plaintiff at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

- 3 -

These interrogatories and discovery requests are intended to cover all documents in Defendants' possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered upon Defendants entire knowledge from all sources and all information in Defendants' possession or otherwise available to Defendant, including information from Defendants' officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, Defendants shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer as long as Rule 33(d) is complied with fully.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

Unless otherwise stated all discovery requests cover a time period of **three (3) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

## INTERROGATORIES

**Pursuant to Rule 33 of the Rules of Civil Procedure, Plaintiff requests that Defendant(s) answer, under oath, the following interrogatories:**

1.    If your answer contains the Affirmative Defense of "Bona Fide Error" under the FDCPA, then in support of this defense, please do the following:

      a.    Identify all documents that support or form the factual basis of this defense;

      b.    Identify all witnesses that support or form the factual basis of this defense; and

      c.    Identify all facts that support or form the factual basis of this defense.

      d.    Identify and describe the "error" or "errors" stated in your defense.

      e.    Identify and describe the "procedures reasonably adapted to avoid any such error" stated in your defense.

2.    Identify all documents, witnesses, and facts that support, form the basis of or relate in any way to each and every affirmative defense pled in your answer or any amendment thereto.

3.    Identify and describe each communication, or attempted communication, between the Defendants (including agents and independent contractors) and the Plaintiff, or any other person, which is in any way related to the Plaintiff's alleged debt, by stating the following:

      a.    The name of the individual and entity initiating communication;

      b.    The name of the person and/or description of the person to whom the communication was directed;

      c.    The date and time of the communication;

      d.    The method of the communication (e.g. letter, phone call, in-person, auto-dialer, pre-recorded message, predictive dialer, etc);

      e.    A detailed description of the substance of the communication, (do not simply refer to collection notes);

      f.    Identification of all witnesses to or participants in the communication; and,

      g.    Any actions taken by any Defendant as a result of the communication.

4.    Identify all lawsuits brought against Defendants at any time arising out its collection or attempted collection activities in any way involving the TCPA or alleged use of auto dialers, predictive dialers, machine generated or pre-recorded messages, in the period four (4) years before the date of this request to the present, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

5.    Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, CFPB, FTC, FCC, or other regulatory complaints made against Defendant or agents/employees at any time arising out its collection or attempted collection activities in any way involving the TCPA or alleged use of auto dialers, predictive dialers, machine generated or pre-recorded messages, in the period four (4) years before the date of this request to the present, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

6.    Identify all persons known to Defendant(s) to have personal knowledge of any facts, allegations, defenses and/or issues involved in this lawsuit, stating the following:

    a.    First, last, and middle legal name;

    b.    All DBAs, fake, or alias name(s) used by this person;

    c.    Job title or capacity;

    d.    Business address and telephone number;

    e.    Home address and telephone number;

    f.    Age;

    g.    State the general substance of each person's knowledge.

7.    Identify each document referred to or consulted by Defendants in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

8.    Identify and describe with particularity all training that Defendants provide or receive, in the area of debt collection activities involving calls (manual or automated of any type), including but not limited to:

    a.    The training content, timing, and duration;

    b.    All documents and audio or visual materials used in such training; and

    c.    Each person involved in providing such training.

9.    Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that Defendants or Defendant's employees or agents are given, read, review, or otherwise use, regarding the collection of debts.

10.    Identify and describe Defendants' disciplinary policy/policies for violating state and federal debt collection laws, and for violating other state or federal laws in the course of collecting debts of any kind.

11.    Identify and describe any and all documents that describe, record, or establish Defendants' methods and techniques used to collect debts for the previous three years and up through the present.

12.    Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that Defendant(s) use, maintain, or operate to record and/or document any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with consumers, persons or other third parties in connection with the collection of accounts for a

time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

13. Identify whether you electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings for a time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

14. Identify whether you or anyone or any business or entity on your behalf recorded any telephone calls made or received in connection with your efforts to collect the subject account and state the following:

    a. The number of recordings;

    b. Date, time and duration of the recordings;

    c. The identities of the person, persons or entities on the call;

    d. Whether or not these recordings have been preserved, and;

    e. The current location and/or disposition of these recordings.

15. Identify the original creditor of the alleged debt that Defendants were trying to collect from Plaintiff and provide the original creditor's full legal name, address, city, state and zip code, and telephone number.

16. In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the debt allegedly owed by Plaintiff was referred, placed or otherwise assigned to the Defendants for collection, identifying all documents relevant to, related to, or reflecting such referral, placement or assignment.

17. Identify the business name, address, and telephone number of all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendant's business, as well as identifying the telephone numbers and account

numbers for each such local and long distance service provider from the date Defendant received this account for collection to the date defendant ceased collection on this account.

18.     Identify every single local or long distance telephone number used by Defendants in the course of their business/businesses or otherwise which is used, accessible, or made available at any time, to any employee, as well as identifying account numbers for each such local and long distance service provider for a time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

19.     Identify the full legal name, address, telephone, position, and title of all former employees of Defendants who in any manner were involved with the account of the Plaintiffs for a period of four (4) before the date of this request to the present.

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

**Pursuant to Rule 34 of the Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents, as they may desire:**

1.     Any and all documents identified, consulted, reviewed or referred to in Response to all sets of Plaintiffs' Interrogatories, Request for Admissions, and Requests for Statements.

2.     Documents or information evidencing or documenting any and all calls made to the Plaintiff using an auto-dialer, predictive dialer or any other calls made electronically or any pre-recorded or recorded messages left or attempted to be left on Plaintiff's phone and/or voice mail.

3.     Any and all documents or video summarizing, describing, instructing, detailing, or otherwise training any and all of Defendants' employees and agents in any and all of the

following areas for a time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery:

    a.      Collection policies;

    b.      Collection procedures;

    c.      Collection methods;

    d.      Collection techniques;

    e.      Collection tactics;

    f.      Collection rules;

    g.      Collection regulations; and

    h.      Compliance with local, state, or federal laws, codes, or regulations.

4.    Any and all training, personnel, or other instruction manuals or video used by any and all collection personnel who are employed by or who are agents of Defendant(s)or supervised by Defendant(s)for a time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

5.    Any and all collection software manuals and/or instruction guides for each and every computer system, software package, software system, telephone system, electronic device, or non-electronic device used in any manner by Defendant(s)in collecting debts for a time period of **four (4) years prior to the filing of the suit** to the day the Defendant responds to the discovery.

6.    Any and all documents related to or evidencing any and all lawsuits, legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, to which any Defendant has been named as a witness or a party, that have existed or been

brought with respect to or involving any Defendant, and which involved as all or part of their subject matter debt collection activities (including any alleged violations of the TCPA) for a time period of **four (4) years before** the date of this request to the present.

7.   Any and all personnel files, human resource department records, employment files, and other documents including but not limited to all disciplinary notices, performance appraisals, written or verbal reprimands, incident reports, job applications, résumés, memos, and or electronic recordings of collection communications that were the subject of private or other complaints by any person, for every Defendant, person, employee, agent, assignee who collected or attempted to collect the alleged debt from the Plaintiff.

8.   Copies of any and all state-issued collection agency license(s) issued to any Defendant and any and all collectors employed by any defendant who collected on the subject account for the states in which Defendant is located and for the state in which Plaintiff resides.

9.   Any and all documents in the possession or control of the Defendants, which any Defendant claims are in any way relevant to the subject matter of the instant lawsuit.

10.   Any and all documents or recordings documenting, or otherwise tracking Defendant(s)' attempts to collect a debt from Plaintiff, including but not limited to:

   a.   Records and/or documentation of all inbound or outbound telephone calls, to or from Plaintiff or any other individual or entity;

   b.   Records and/or documentation of all inbound or outbound United States mail to or from Plaintiff or any other individual or entity.

   c.   Records and/or documentation of all other inbound or outbound communication of whatever kind, to or from Plaintiff or any other individual or entity.

d.     Records and/or documentation regarding any and all efforts to skip trace the plaintiff, to locate plaintiff and/or obtain location or contact information regarding the plaintiff.

e.     Records and/or documentation of any and all actions taken as a part of your debt collection efforts related to or against Plaintiff.

11.    Any and all printouts computer, mechanical or other reports printed, prepared, or otherwise created using any computer system, software package, software system, or other electronic or non-electronic device used in any manner by Defendants to collect debts, which include any Plaintiffs' name, address, telephone number(s), account number, or any other information which is personally identifiable to Plaintiff.

12.    A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced above.

13.    Exemplars of any and all orientation, new hire, or any other manual given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of **four (4) years** to the present.

14.    Exemplars of any and all documents of whatever kind given to natural persons employed by any Defendant to collect debts at the commencement of that person's employment, for a period of **four (4) years** to the present.

15.    Please produce a "key" or "legend" that explains any symbol, abbreviation or code that appears on any document produced by the Defendant.

16.    Any and all documents relating in any manner to your affirmative defenses including, but not limited to, your defense of *bona fide* error.

17. Any and all contracts between you and the original creditor or the individual, business or entity from which you purchased or were assigned the account for collection or on whose behalf you were collecting the alleged subject debt or account.

18. Any and all contracts between you and any person, individual, entity, business or third party vendor you retained or hired to provide skip-tracing services or to provide location or contact information as a part of your efforts to collect this account in place and affect during the time you were collecting Plaintiff's account or alleged debt. (Examples include, but are not limited to, Lexis Nexis, Equifax, Trans Union, Experian, Accurint, Banko, Merlin Data, Merlin Information Services, Insight America or Axiom).

19. Any and all documents or information provided to you regarding the Plaintiff, Plaintiff's alleged debt or Plaintiff's alleged account by the original creditor or the individual, business or entity from whom you purchased or were assigned the account for collection or on whose behalf you were collecting the alleged subject debt or account.

20. Any and all documents or information provided to by you or to you by any person, individual, entity, business or third party vendor you retained or hired to provide skip-tracing services or to provide location or contact information as a part of your efforts to collect this account. (Examples include, but are not limited to, Lexis Nexis, Equifax, Trans Union, Experian, Accurint, Banko, Merlin Data, Merlin Information Services, Insight America or Axiom).

21. Any and all documents, information, communications, correspondence, reports and/or memorandum(s) provided to you or by you with any entity, business, person, individual retained, hired, employed or assigned Plaintiff's account to place calls, whether manually or by the use of auto-dialer, predictive dialer or otherwise relative to your efforts or attempts to

collect the subject alleged debt from Plaintiff or relative to any and all attempts to contact the Plaintiff or locate or obtain location information or contact information regarding the Plaintiff.

## REQUEST FOR PRODUCTION OF STATEMENTS

**Pursuant to Rule 26 and 34 of the Rules of Civil Procedure, Plaintiff demands that copies of the following be made available:**

1.    All statements made by parties and non-parties, which are in the possession or control of any Defendant(s), concerning the above action or its subject matter which are discoverable pursuant to the Rules of Civil Procedure.

## REQUEST FOR ADMISSIONS

**Pursuant to the Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.    The debt being collected is a consumer debt as defined by the FDCPA.

2.    You are a "debt collector" as defined by the FDCPA.

3.    You agree a debt collector who violates the FDCPA should apologize to the consumer.

4.    You agree debt collectors who violate the FDCPA put law abiding debt collectors at a competitive disadvantage.

5.    You have no intention of changing the way you collect debts after learning what you did to the Plaintiff.

6.    You refuse to apologize to the Plaintiff for your debt collection activities.

7.    You have never apologized to the Plaintiff.

8.    You called Plaintiff[1] with a pre-recorded message.

---

[1] Please contact the undersigned for the full phone number called – it is not being put in this discovery for privacy reasons as this discovery request is accessible by the public.

9.      You called Plaintiff using an autodialer.

10.     You called Plaintiff using a predictive dialer.

11.     You called Plaintiff using a machine generated voice.

12.     You have credit reported against Plaintiff.

13.     You have pulled Plaintiff's credit report.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**



# NOTICE TO CLERK
### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.

01-CV-2017-902025.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $8.55

Parties to be served by Certified Mail - Return Receipt Requested

DIVERSIFIED CONSULTANTS, INC.                    Postage: $8.55
C/O JOHN CRAWFORD, ESQ
1200 RIVERPLACE BLVD #800
JACKSONVILLE, FL 32207

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
CV/2017  902025  s/c
$
Total Postage and Fees
$
Sent To
Diversified Consultants, Inc.
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7017 0530 0000 1071 6996

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   DIVERSIFIED CONSULTANTS, INC.
   C/O JOHN CRAWFORD, ESQ
   1200 RIVERPLACE BLVD #800
   JACKSONVILLE, FL 32207

   CV/2017  902025  s/c

9590 9402 2181 6193 3710 15

2. Article Number *(Transfer from service label)*
   7017 0530 0000 1071 6996

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                   ☐ Agent
                                    ☐ Addressee
B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                   ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☒ Certified Mail®                   ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery               ☒ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DIVERSIFIED CONSULTANTS, INC.

C/O JOHN CRAWFORD, ESQ

1200 RIVERPLACE BLVD #800

JACKSONVILLE, FL 32207



9590 9402 2181 6193 3710 15

2. Article Number (Transfer from service label)

7017 0530 0000 1071 6996

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Alisha Williams

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

**USPS TRACKING #**



9590 9402 2181 6193 3710 15

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 02 2017

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

ELECTRONICALLY FILED
7/24/2017 1:48 PM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| WORRELL DONALD, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) Case No.: | CV-2017-902025.00 |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff is advised that service ostensibly perfected on May 30, 2017, is in fact defective in that the certified mail receipt card was signed by someone other than the agent of service identified therein. Service is thus deemed invalid.

Plaintiff must perfect service by September 18, 2017, or this action will be dismissed.

**DONE this 24th day of July, 2017.**

/s/ ROBERT S. VANCE
**CIRCUIT JUDGE**



AlaFile E-Notice

01-CV-2017-902025.00

Judge: ROBERT S. VANCE

To:   WATTS JOHN GRIFFIN
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following matter was FILED on 7/24/2017 1:48:18 PM

Notice Date:     7/24/2017 1:48:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902025.00

Judge: ROBERT S. VANCE

To:   HERRING MYLES STANLEY JR.
      stan@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following matter was FILED on 7/24/2017 1:48:18 PM

Notice Date:     7/24/2017 1:48:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902025.00

Judge: ROBERT S. VANCE

To:  DIVERSIFIED CONSULTANTS, INC. (PRO SE)
     C/O JOHN CRAWFORD, ESQ
     1200 RIVERPLACE BLVD #800
     JACKSONVILLE, FL, 32207-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following matter was FILED on 7/24/2017 1:48:18 PM

Notice Date:      7/24/2017 1:48:18 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/1/2017 9:19 AM
01-CV-2017-902025.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD WORRELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: CV-2017-902025 |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., et al., | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### NOTICE OF ACCEPTANCE OF SERVICE OF SUMMONS, COMPLAINT AND DISCOVERY TO DEFENDANT

**COMES NOW** the Plaintiff, by and through counsel, and hereby notifies the Court that the Defendant, through counsel has agreed to accept service. Plaintiff has agreed with Defendant their Answer is due 30 days from the date of service of August 16, 2017 which will make the Answer due on September 15, 2017.

Respectfully Submitted,

/s/ M. Stan Herring
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
**Attorneys for Plaintiff**

**OF COUNSEL:**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

-1-

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system and served the foregoing to the following:

Dayle M. Van Hoose
Sessions, Fishman, Nathan & Israel
3350 Buschwood Park Dr.
Suite 195
Tampa, FL  33618
dvanhoose@sessions.legal

/s/ M. Stan Herring
OF COUNSEL



AlaFile E-Notice

01-CV-2017-902025.00

To:  M STAN HERRING JR
     stan@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following RETURN ON SERVICE - SERVED was FILED on 9/1/2017 9:19:22 AM

Notice Date:      9/1/2017 9:19:22 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902025.00

To: DIVERSIFIED CONSULTANTS, INC. (PRO SE)
C/O JOHN CRAWFORD, ESQ
1200 RIVERPLACE BLVD #800
JACKSONVILLE, FL, 32207-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following RETURN ON SERVICE - SERVED was FILED on 9/1/2017 9:19:22 AM

Notice Date:      9/1/2017 9:19:22 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902025.00

To:   WATTS JOHN GRIFFIN
      john@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following RETURN ON SERVICE - SERVED was FILED on 9/1/2017 9:19:22 AM

Notice Date:       9/1/2017 9:19:22 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-902025.00

To:   M STAN HERRING JR
      stan@wattsherring.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DONALD WORRELL V. DIVERSIFIED CONSULTANTS, INC.
01-CV-2017-902025.00

The following RETURN ON SERVICE - SERVED was FILED on 9/1/2017 9:19:22 AM

Notice Date:      9/1/2017 9:19:22 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov